IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LOLINA PORTER,
Plaintiff,

vs.

NATIONSTAR MORTGAGE
SERVICES, And/or his
successor/s/, individually,
and in his official capacity
as, Beneficiary, and/or
Substitution Trustee, Trustee,
other titles unknown to
Plaintiffs, an ens legis being
used to conceal fraud;

AND JOHN DOES (unknown parties
claiming Rights to said Deed
of Trust and Note herein, (1-
10,000), Et. al., an ens legis
used to conceal Fraud,

    Defendants.

Case No. 2:15-CV-02578

---

## REPORT AND RECOMMENDATION

Before the Court is Defendant Nationstar Mortgage, LLC's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [D.E. 11]. Plaintiff has failed to respond. This matter has been referred to the Magistrate Judge for a Report and Recommendation.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

On August 31, 2005, Plaintiff executed a promissory Note (the "Note") secured by a deed of trust (the "Deed of Trust") (the Note and Deed of Trust are collectively the "Loan")

associated with the real property located at 6133 Woodstock View Drive, Millington, Tennessee 38053 ("Property"). Statement of Undisputed Material Facts ("SUMF") ¶ 1. At no point in the Complaint does Plaintiff assert that she made all the payments required by the terms of the Loan and that Nationstar should not have exercised its power of sale by foreclosing on the property. *See generally* Compl. To the contrary, Plaintiff admits in her Complaint that she experienced financial difficulty when her husband had a stroke and became disabled. Compl. at 4. It is undisputed that Plaintiff was in default under the terms of the Note and Deed of Trust. SUMF ¶ 2.

Although Plaintiff attempted to obtain a loan modification by submitting a Request for Mortgage Assistance ("RMA"), Plaintiff never submitted a complete a RMA package. SUMF ¶¶ 3-4. Nationstar informed Plaintiff of the deficiencies in her RMA applications in letters dated September 16, 2014 and September 20, 2014. SUMF ¶ 5. The letter dated September 16, 2014 also stated that "the foreclosure process [would] continue until all documents are received" and that "[t]here is no guarantee that [you] will qualify or receive any loss mitigation options." SUMF ¶¶ 6-7.

The Deed of Trust provides that the "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's

2

interest in the Property and rights under this Security Instrument." SUMF ¶ 10. On September 22, 2014, letters were sent to Plaintiff at both the Property address and her address in California via certified mail providing notice of the foreclosure sale. SUMF ¶ 8. In addition, the foreclosure was advertised on September 24, 2014, October 1, 2014, and October 8, 2014 in *The Daily News*, a daily newspaper of general circulation printed in Memphis, Shelby County, Tennessee. SUMF ¶ 9. Nationstar purchased the Property at a foreclosure sale on November 14, 2014. SUMF ¶ 12.

On December 22, 2014, more than a month after the foreclosure sale had occurred, Plaintiff sent Nationstar a letter enclosing additional documentation related to her RMA application for a modification. SUMF ¶ 13. Plaintiff's packet contained various documents related to her income but still did not contain the Lease Agreement requested in Nationstar's September 20, 2014 deficiency letter. SUMF ¶ 14. Plaintiff filed her Complaint on September 2, 2015. While Plaintiff's Complaint does not specifically allege any causes of action, it appears that Plaintiff asserts (1) the property was improperly foreclosed after she submitted a modification application in violation of 12 C.F.R. § 1024.1 of the Real Estate Settlement Procedures Act ("RESPA"); and (2) the notice requirements of

3

Tenn. Code Ann. § 35-5-101 were not satisfied so the foreclosure sale is void. Plaintiff also asserts that Nationstar failed to pay Homeowner's Association ("HOA") dues as required by the Declaration of Covenants, Conditions & Restrictions ("CC&Rs") referenced in the Deed of Trust. However, the HOA lien referenced in the Complaint was released as satisfied on February 1, 2016, and any possible claim is therefore moot. SUMF ¶¶ 15, 17.

**LEGAL STANDARD**

Summary Judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the burden of showing the absence of a genuine issue of material fact as to at least one essential element of" the plaintiff's claim. *Jones v. Muskegon County*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to produce specific evidence that demonstrates a genuine dispute of material fact for trial. *Fritz v. Charter Tp. of Comstock* , 463 Fed. Appx. 493, 497 (6th Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In order to meet its burden, the non-moving party may not merely rest on its

4

pleadings, but instead is required "to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotationmarks omitted). Overall, if "the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving part[y] [is] entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. United Auto Workers Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323).

## **ANALYSIS**

First, the Magistrate Judge addresses Plaintiff's RESPA claim. As Defendant notes, RESPA was enacted to "[e]nsure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the [real estate] settlement process and are protected from unnecessarily high settlement charges." *LaPorte v. Countrywide Home Loans, Inc.*, No. 3:08-CV-408, 2009 WL 2905934, at *1 (E.D. Tenn. Sept. 3, 2009) (citing 15 U.S.C. § 2601(a). RESPA *expressly* exempts credit transactions for business, commercial, or agricultural purposes. 12 U.S.C. § 2606(a)(1) specifically provides that RESPA "does not apply to credit transactions involving

5

extensions of credit . . . primarily for business, commercial, or agricultural purposes." 2009 WL 2905934, at *1. Accordingly, courts have found that where individuals obtain a mortgage to buy rental property, such transactions are for business or commercial purposes, exempting them from RESPA. *Id.* at *2; *Antanuous v. First Nat'l Bank of Ariz.*, 508 F. Supp. 2d 466 (E.D. Va. 2007). Here, it is undisputed that Ms. Porter obtained the Loan at issue for purposes of purchasing rental property. Thus, because such a loan is exempt from RESPA, the Magistrate Judge recommends finding that this claim fails as a matter of law.

Second, Plaintiff alleges that Nationstar failed to provide notice of the foreclosure sale. Tennessee Code Annotated § 35-5-101(a) & (b) requires that a trustee shall give notice of a foreclosure sale by public advertisement of the sale "made at least three (3) different times in some newspaper published in the county where the sale is to be made," and that the "first publication shall be at least twenty (20) days previous to the sale." In addition, the trustee or lender shall send notice, by registered or certified mail, to the borrower on or before the first date the sale is advertised at the mailing address of the property and the last known mailing address of the debtor. *Id.* § 35-5-101(e).

Defendant has established that each of these statutory requirements were satisfied. First, the foreclosure in this case was advertised three times before the sale, September 24, 2014, October 1, 2014, and October 8, 2014, in a newspaper that was distributed to Shelby County where the Property is located. SUMF ¶ 9. The first publication was made September 24, 2014, while the foreclosure did not take place until November 14, 2014, fifty one days after the first publication. Second, the notice of sale was sent via certified mail to the Property address and to Plaintiff at her California address, which is the address provided by Plaintiff in her Complaint. SUMF ¶ 8; Compl. Third, the notice of sale was sent via certified mail two days before the first publication. SUMF ¶¶ 8-9. Because Nationstar complied with the notice requirements of Tenn. Code Ann. § 35-5-101, Nationstar properly foreclosed on the Property, and the Magistrate Judge recommends a finding that Plaintiff's claim that the foreclosure was wrongful due to lack of notice fails as a matter of law.

## CONCLUSION

Plaintiff's claims fail as a matter of law. RESPA does not apply to the Loan at issue in this litigation, and the Magistrate Judge finds that Nationstar sent the required notices and published notice in the newspaper in accordance with Tennessee Code Annotated § 35-5-101(a) & (b), and thus Nationstar discharged its obligations of notice to Plaintiff. Therefore, the Magistrate Judge recommends that the Court grant Nationstar's Motion for Summary Judgment and the case be dismissed with prejudice.

Respectfully Submitted this 1st day of May, 2017,

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**