IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LOLINA PORTER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE SERVICES and/or his successor/s/, individually, and in his official capacity as, Beneficiary, and/or Substitution Trustee, Trustee, other titles unknown to Plaintiff, as ens legis being used to conceal fraud; and JOHN DOES (unknown parties claiming rights to said Deed of Trust and Note herein, (1-10,000), Et. al., an ens legis being used to conceal fraud, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:15-cv-02578-SHM-egb |
| | ) | |
|     Defendants.[1] | ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation dated May 1, 2017 (the "Report"). (ECF No. 12.) The Report recommends that the Court grant the Motion for Summary Judgment (the "Motion") filed by Defendant Nationstar Mortgage Services ("Nationstar") on June 13, 2016 (ECF No. 11). Neither party has filed objections to the Report, and the dead-

---

[1] The Court has adopted the caption as drafted by Plaintiff in her complaint.

line for doing so has passed. (Report 8.) For the following reasons, the Report is ADOPTED and the Motion for Summary Judgment is GRANTED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Addressing the Motion, the Report states that Plaintiff Lolina Porter "has failed to respond" and that her claims "fail as a matter of law." (Report 1, 8.) The Report states:

> While Plaintiff's Complaint does not specifically allege any causes of action, it appears that Plaintiff asserts (1) the property was improperly foreclosed after she submitted a modification application in violation of 12 C.F.R. § 1024.1 of the Real Estate Settlement Procedures Act ("RESPA"); and (2) the notice requirements of Tenn. Code Ann. § 35-5-101 were not satisfied so the foreclosure sale is void.

(Id. at 3–4.)[2]

Addressing Porter's RESPA claim, the Report states that "RESPA expressly exempts credit transactions for business, commercial, or agricultural purposes," including mortgages to buy rental property. (Id. at 5; see also id. at 5–6 (citing authorities).) The Report states that, "[h]ere, it is undisputed that . . . Porter obtained the [loan] at issue for purposes of purchasing rental property," and thus finds that Porter's RESPA claim fails as a matter of law. (Id. at 6.)

Addressing Porter's argument under section 35-5-101, the Report lists the relevant notice requirements in section 35-5-101 and finds that Nationstar "has established that each of

---

[2] The Report also states that Porter "also asserts that Nationstar failed to pay Homeowner's Association ('HOA') dues as required by the Declaration of Covenants, Conditions & Restrictions . . . referenced in the Deed of Trust [securing Porter's mortgage on the relevant property]." (Report 4.) As to this argument, the Report finds that "the HOA lien referenced in the Complaint was released as satisfied on February 1, 2016, and any possible claim is therefore moot." (Id. (citing Nationstar Mortg. LLC's Statement of Undisputed Facts in Supp. of Mot. for Summ. J. ¶¶ 15, 17 (ECF No. 11-2) ("SUF").)

3

these statutory requirements were satisfied." (Id. at 6-7 (citing SUF ¶¶ 8-9).)

The Report requires that any objections be filed within fourteen (14) days after service. (Id. at 8; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of the magistrate judge's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").) Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636 -- specifically, judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED. The Motion is GRANTED.

The only remaining defendants are John Does 1 through 10,000. John Doe pleading is permissible, but "a plaintiff still must adhere to Rule 4(m) of the Federal Rules of Civil Procedure," which establishes the deadline for serving defendants with a summons. Shepherd v. Voitus, No. 4:14 CV 866, 2015 WL 4599609, at *1 (N.D. Ohio July 29, 2015) (quoting Fed. R. Civ. P. 4(m)). Under Rule 4(m), Porter had 90 days from the

filing of the complaint to serve any John Doe defendant. The record reveals no service of any John Doe defendants, and the Rule 4(m) deadline has passed. The action is DISMISSED as to the John Doe defendants.[3]

So ordered this 9th day of June, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] On May 15, 2017, Porter filed a Motion for Extension of Time, Continuance and Resetting of Pre-Trial Status Conference. (ECF No. 15 ("Extension Mot.").) Because the Court has granted Nationstar's Motion and dismissed this action against the John Doe defendants, the Extension Motion is DENIED as moot.